1
2
3
4
5
6
7
8
9
10  UNITED STATES DISTRICT COURT
11  EASTERN DISTRICT OF CALIFORNIA
12
13  RICARDO ELIZALDE MONTOYA,        )   1:05-CV-01372 AWI LJO HC
                                     )
14          Petitioner,              )   FINDINGS AND RECOMMENDATION
                                     )   REGARDING PETITIONER'S FAILURE TO
15      v.                           )   FOLLOW A COURT ORDER
                                     )
16                                   )   [Doc. #11]
    W. J. SULLIVAN, Warden,          )
17                                   )
            Respondent.              )
18  _____ )

19  _____Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20  pursuant to 28 U.S.C. § 2254.

21          On September 27, 2005, Petitioner filed a petition for writ of habeas corpus in the United

22  States District Court for the Eastern District of California, Sacramento Division. By order of the

23  Court dated October 13, 2005, the action was transferred to the Fresno Division and received in this

24  Court. On December 22, 2005, Petitioner was ordered to pay the filing fee or submit an application

25  to proceed in forma pauperis. Petitioner filed an in forma pauperis application on February 10, 2006.

26  The District Court reviewed the application and found that Petitioner could afford the costs of the

27  filing fee; therefore, the application was denied on March 3, 2006, and Petitioner was ordered to pay

28  the five dollar ($5.00) filing fee within thirty (30) days. Petitioner filed a notice with the Court on

1   March 13, 2006, stating that he was submitting the filing fee as ordered, but the Court did not receive

2   the filing fee. Therefore, on April 27, 2006, the Court granted Petitioner an extension of time to

3   comply with the Court's order to pay the filing fee. The additional time granted has now expired and

4   Petitioner has not complied with the Court's order.

5                                                   **DISCUSSION**

6           Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these Local

7   Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

8   sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

9   control their dockets and "in the exercise of that power, they may impose sanctions including, where

10  appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.

11  1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

12  action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v.

13  Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

14  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

15  requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

16  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprized of

17  address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

18  comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for

19  lack of prosecution and failure to comply with local rules).  In determining whether to dismiss an

20  action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the

21  court must consider several factors: (1) the public's interest in expeditious resolution of litigation;

22  (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

23  policy favoring disposition of cases on their merits; and (5) the availability of less drastic

24  alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61;  Malone, 833 F.2d at 130;

25  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

26          In the instant case, the Court finds that the public's interest in expeditiously resolving this

27  litigation and the Court's interest in managing the docket weigh in favor of dismissal because this

28  case has been pending in this Court since September 27, 2005.  The third factor, risk of prejudice to

1  defendants, also weighs in favor of dismissal because a presumption of injury arises from any

2  unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.

3  1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly

4  outweighed by the factors in favor of dismissal.  Finally, a court's warning to a party that his failure

5  to obey the court's order will result in dismissal satisfies the "consideration of alternatives"

6  requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The

7  Court's order to pay the filing fee or submit a new application to proceed in forma pauperis was clear

8  that dismissal would result from non-compliance with the Court's order.

9  **RECOMMENDATION**

10      Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for

11  Petitioner's failure to comply with a court order.

12      This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United

13  States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

14  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

15  California.  Within thirty (30) days after being served with a copy, any party may file written

16  objections with the court and serve a copy on all parties.  Such a document should be captioned

17  "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall

18  be served and filed within ten (10) court days (plus three days if served by mail) after service of the

19  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

20  § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may

21  waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22  IT IS SO ORDERED.

23  **Dated:   May 26, 2006**                         **/s/ Lawrence J. O'Neill**
    b9ed48                                   UNITED STATES MAGISTRATE JUDGE